UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIVENS DELORME                     )<br>                                                      )<br>            Plaintiff,              )<br>                                                      )<br>       v.                                      )<br>                                                      )   Civ. Action No. 12-0535 (ESH)<br>EXECUTIVE OFFICE FOR        )<br>UNITED STATES ATTORNEYS, )<br>                                                      )<br>            Defendant.            )<br>_____)  | |

## MEMORANDUM OPINION AND ORDER

In this action brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff contends that the records released by the Executive Office for United States Attorneys ("EOUSA") in response to his FOIA request are, for the most part, not responsive to his request for information about himself and his criminal case. *See generally* Mem. Op. and Order [Dkt. # 15]. In addressing defendant's pending summary judgment motion, the Court found that plaintiff had raised a genuine issue with regard to defendant's search, held the motion in abeyance, and directed defendant to file a declaration describing its search for responsive records. *Id*. at 3.

Defendant has proffered the Declaration of Mireille Ferdinand-Hercule [Dkt. # 17-1], and plaintiff has responded with his Affidavit [Dkt. # 19] and "Surreply" [Dkt. # 20]. Upon consideration of these supplemental submissions, defendant's motion for summary judgment [Dkt. # 12], and plaintiff's opposition thereto [Dkt. # 14], the Court finds that defendant conducted a reasonably adequate search. However, since defendant has not replied to plaintiff's

contention that he has not received certain records identified in the supplemental declaration as responsive to his request, the Court will once again direct defendant to supplement the record.

The Court assesses defendant's declaration about the search under the standard set forth in the Mem. Op. and Order at 2. Ferdinand-Hercule has sufficiently described her search for responsive records in files maintained by the U.S. Attorney's Office in the Southern District of Florida ("USAO/SDFL") where plaintiff was prosecuted. (Ferdinand-Hercule Decl. ¶¶ 6-15, 17.) She searched the Legal Information Office Network System ("LIONS") by the case number plaintiff had provided in his request and located the case in which plaintiff was a co-defendant and plaintiff's appeal file. (*Id*. ¶¶ 7-9.) In addition, Ferdinand-Hercule "sent out an office-wide e-mail to all USAO/SDFL personnel" seeking any related records, which yielded additional responsive records, including "discs containing electronic records . . . ." (*Id*. ¶¶ 10-12, 17.) Ferdinand-Hercule also conducted a "physical search" of plaintiff's case file "for, among other records, any arrest reports, . . . investigatory records or reports, . . . evidentiary or scientific information, data, findings, or reports; and any grand jury transcripts." (*Id*. ¶ 14.) Ferdinand-Hercule concludes that she is "not aware of any [other] location . . . than the locations and files which have already been searched; nor am I aware of any other method or means by which a further search could be conducted which would be likely to locate such responsive records." (*Id*. ¶ 18.)

Plaintiff does not challenge defendant's search methods, which the Court finds were reasonably calculated to locate all responsive records. Rather, plaintiff reasserts in both his Affidavit and Surreply that most of the released pages are not directly related to his criminal case. *See* Mem. Op. and Order at 3. But the fact that certain records were not located does not render an otherwise reasonable search inadequate. *Boyd v. Criminal Div. of U.S. Dept. of Justice*

475 F.3d 381, 390 -91 (D.C. Cir. 2007) (citations omitted).  This is because "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (citation omitted).   Hence, the Court finds that defendant is entitled to summary judgment on the only contested issue in this case.[1]

That said, defendant has not replied to plaintiff's improperly captioned "Surreply," in which he reasonably questions the location of the discs Ferdinand-Hercule claims to have located at the USAO/SDFL and forwarded to EOUSA. (Surreply at 2.)  Ferdinand-Hercule states that she "obtained . . . discs containing electronic records and information pertaining to [plaintiff] and, at my request, our graphics technician made duplicates of these discs.  I forwarded the duplicate discs to EOUSA on December 16, 2011." (Decl. ¶ 17.)  Since defendant has not described the released records in a *Vaughn* index or its declarations, the Court has no evidence to support a finding that all responsive records (particularly the information contained on the discs) were released to plaintiff.  Accordingly, it is

ORDERED that by **December 28, 2012,** defendant shall file a declaration and, if necessary, a *Vaughn* index, describing the released records and confirming whether the

---

[1] EOUSA released 510 records to plaintiff on April 30, 2012, nine of which contained redacted material, and it withheld 56 pages of records. (Declaration of Kathleen Brandon [Dkt. # 12-4] ¶ 12 & Ex. F.)  Plaintiff has not challenged EOUSA's withholding of information under FOIA exemptions 3, 5, 6, and 7(C) and, therefore, has conceded defendant's justification.  *See* Order [Dkt. # 13] (explaining to plaintiff procedures in responding to a properly supported summary judgment motion); *see also Hopkins v. Women's  Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) (citing *FDIC v. Bender*, 127 F.3d 58, 67–68 (D.C. Cir. 1997) (other citation omitted) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."), *aff'd*, 98 Fed.Appx. 8 (D.C. Cir. 2004).

information contained on the discs has been released to plaintiff or is exempt.

                                                               _____/s/_____
                                                        ELLEN SEGAL HUVELLE
DATE:  November 16, 2012                United States District Judge