UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIVENS DELORME ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civ. Action No. 12-0535 (ESH) |
| EXECUTIVE OFFICE FOR ) | |
| UNITED STATES ATTORNEYS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

This action brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is before the Court on defendant's motion for summary judgment [Dkt. # 12]. The Court previously found that plaintiff had raised a genuine factual dispute with regard to defendant's search for records responsive to his FOIA request, held the foregoing motion in abeyance, and twice directed the sole defendant, the Executive Office for United States Attorneys ("EOUSA"), to supplement the record.  *See* Mem. Op. and Order (Nov. 16, 2012) [Dkt. # 21]; Mem. Op. and Order (Aug. 24, 2012) [Dkt. # 15].

EOUSA has filed a supplemental declaration in response to the Court's latest directive to confirm the status of information contained on two discs forwarded to EOUSA on December 16, 2011, from the United States Attorney's Office in the Southern District of Florida.  (Nov. 16, 2012 Order.)  Defendant's declarant states that she "confirmed with the FBI that the discs were included in EOUSA's referral of documents to the FBI for a direct response to Plaintiff." (Second Decl. of Kathleen Brandon ¶ 8.)  Indeed, EOUSA explained in its release letter dated April 30, 2012, that it had referred responsive records originating with the FBI, the Drug

1

Enforcement Administration, and the Bureau of Prisons to those components for review and a direct response to plaintiff.  (Decl. of Kathleen Brandon, Ex. F [Dkt. # 12-4, ECF pg.14].)  Nothing in the instant record suggests that EOUSA's referral of the discs to the FBI was improper or unreasonable.  *See Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1118 (D.C. Cir. 2007) ("[I]f an agency chooses outright referral instead, 'the advantages that would be secured by delegating all responsibility for reviewing the document . . . rather than engaging in . . . 'consultation' . . . must then be balanced against any inconvenience to the requester caused by the referral[.]' " (quoting *McGehee*, 69 F.2d at 1111 n.71) (citing 5 U.S.C. § 552(a)(6)(B)(iii)(III)).  The Court previously found "that defendant is entitled to summary judgment on the only contested issue in this case," *i.e.,* the adequacy of EOUSA's search for responsive records, Mem. Op. and Order at 3, and will now grant EOUSA's motion for summary judgment.  A separate Order accompanies this Memorandum Opinion.


                                                            _____/s/_____
                                                           ELLEN SEGAL HUVELLE

DATE:  January 18, 2013                                   United States District Judge